IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE MOORE,

    Petitioner,                   No. 2:13-cv-0182 LKK JFM P

    vs.

K. CHAPPELL, Warden,

    Respondent.                <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On February 6, 2013, the magistrate judge filed findings and recommendations herein which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within fourteen days. By order filed March 19, 2013, petitioner was granted an additional period of thirty days in which to file objections to the findings and recommendations. On May 7, 2013, this court adopted the findings and recommendations in full and dismissed the action without prejudice. Judgment was entered on the same day.

/////

1    On May 17, 2013, petitioner filed a motion for reconsideration of the May 7, 2013 order and judgment thereon.  Petitioner contends, correctly, that on May 1, 2013 he was granted a second thirty day extension of time to file objections to the findings and recommendations and that this court's order was entered prior to the expiration of that thirty day period.  Petitioner's objections, which are dated June 1, 2013, were entered on the docket in this action on June 5, 2013.  Good cause appearing, petitioner's motion for reconsideration will be granted, the May 7, 2013 order and judgment thereon will be vacated,  and the court will conduct a de novo review of the findings and recommendation in light of petitioner's objections thereto.

The magistrate judge recommended that this action be dismissed on the grounds that the instant action is a second or successive petition and that petitioner has not obtained authorization from the United States Court of Appeals for the Ninth Circuit to proceed with the instant action.  The facts show that petitioner has previously filed in this court an application for a writ of habeas corpus attacking the conviction and sentence that he challenges in the instant action.  That prior action is identified as Case No. 2:02-cv-0007 JAM DAD P.  <u>See</u> Findings and Recommendations filed February 6, 2013 (ECF No. 10) at 2.  That action was filed on January 3, 2002 and denied on the merits on April 1, 2011.  Petitioner has appealed that denial to the United States Court of Appeals for the Ninth Circuit.  Petitioner does not dispute these facts in his objections.  He does, however, dispute the magistrate judge's finding that the United States Court of Appeals for the Ninth Circuit has denied a certificate of appealability in that case.  He contends that the United States Court of Appeals for the Ninth Circuit has granted a certificate of appealability in the case and that the appeal is still pending.  Petitioner further contends that the magistrate judge's findings concerning the denial of a certificate of appealability are based on a different appeal that petitioner filed from a separate action that he lost in this court, Case No. 11-3263 MCE CMK P.

/////

/////

1 Review of the docket in the United States Court of Appeals for the Ninth Circuit.[1]
2 shows that the magistrate judge's findings are correct.  Petitioner's appeal from the judgment
3 entered in Case No. 2:02-cv-0007 JAM DAD P was assigned Case No. 11-16239 in the United
4 States Court of Appeals for the Ninth Circuit.  On November 8, 2012, the United States Court of
5 Appeals denied petitioner's request for a certificate of appealability in that action.  Petitioner was
6 not permitted to proceed with the appeal from Case No. 11-3263 based on findings made by a
7 panel of the court of appeals pursuant to a pre-filing review ordered entered in the court of
8 appeals.  See Order filed September 6, 2012 in Case No. 2:11-cv-3263 MCE CMK P (ECF No.
9 20).

10 For the foregoing reasons, the court finds the findings and recommendations to be
11 supported by the record and by the magistrate judge's analysis.  Accordingly, they will be
12 adopted in full and this action will be dismissed without prejudice.

13 Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United
14 States District Courts, "[t]he district court must issue or a deny a certificate of appealability
15 when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A
16 certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a
17 substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court
18 must either issue a certificate of appealability indicating which issues satisfy the required
19 showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

20 Where, as here, the petition was dismissed on procedural grounds, a certificate of
21 appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it
22 debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of
23 reason would find it debatable whether the petition states a valid claim of the denial of a
24 /////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether the instant action is a second or successive petition for which petitioner lacks the required authorization to proceed. Accordingly, this court will not issue a certificate of appealability.

On June 5, 2013, petitioner filed a motion for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, petitioner's motion for appointment of counsel will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's May 17, 2013 motion for reconsideration (ECF No. 18) is granted;

2. This court's May 7, 2013 order (ECF No. 16) and the judgment entered thereon (ECF No. 17) are vacated;

3. The findings and recommendations filed February 6, 2013, are adopted in full;

4. This action is dismissed without prejudice;

5. This court declines to issue a certificate of appealability;

6. Petitioner's June 5, 2013 motion for appointment of counsel (ECF No. 21) is denied; and

/////

/////

/////

4

7. The Clerk of the Court is directed to process petitioner's appeal (ECF No. 20) to the United States Court of Appeals for the Ninth Circuit.

DATED: June 27, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT